NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: THOMAS EDWARD SHAFOVALOFF,**
*Appellant*

---

2024-1035

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 15/173,604.

---

Decided:  June 27, 2025

---

THOMAS E. SHAFOVALOFF, Scottsboro, AL, argued pro se.

MAI-TRANG DUC DANG, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Coke Morgan Stewart.  Also represented by ROBERT MCBRIDE, AMY J. NELSON.

---

Before TARANTO, STOLL, and STARK, *Circuit Judges*.

STOLL, *Circuit Judge*.

Thomas E. Shafovaloff appeals the Patent Trial and Appeal Board's decision affirming the examiner's final rejection of all claims in Mr. Shafovaloff's U.S. Patent

Application No. 15/173,604.  For the following reasons, we affirm.

On appeal, Mr. Shafovaloff challenges the Board's conclusion that claims 1 and 3–5 of the '604 application are indefinite as well as its finding that claims 1–4 are anticipated by Anderson.[1]  Claim 1 is representative and recites:

> A peripheral environment detection device, not a helmet system, to be mounted on a headgear comprising:
>
> a one piece planar mirror surface; further comprising[:]
>
> a bent tab incorporated within the one piece planar mirror surface for mounting to the headgear having a bill or rim or similar mounting surface with adequate mounting area and rigidity;
>
> providing rearview vision information detection assistance;
>
> capable of adjustment;
>
> positionable for use in front of one eye; and
>
> without a blocking of frontal view.

'604 application ¶ 76 (indentation indicators removed).

We begin with indefiniteness.  The Board held that claims 1 and 3–5 are indefinite because the claims require a mirror surface that is both planar and bent.  Specifically, the Board "agree[d] with the Examiner that the ***bent*** tab inherently creates a bent portion that is *not on the same plane as the rest of the planar mirror surface* (i.e., a non-planar surface) and thus cannot be 'within' the planar

---

[1] U.S. Patent Application Publication No. 2012/0314317 A1.

mirror surface, as claimed." J.A. 8 (internal quotation marks omitted) (citation omitted). Based on this contradiction, the Board sustained the examiner's rejection of claim 1 and dependent claims 3–5 as indefinite under 35 U.S.C. § 112(b).

Where, as here, the Board's indefiniteness holding is "determined based solely on intrinsic evidence [in the form of the claims], our review is de novo." *Cox Commc'ns, Inc. v. Sprint Commc'n Co. LP*, 838 F.3d 1224, 1228 (Fed. Cir. 2016). Patent claims are considered indefinite when their language is unclear, preventing a person of ordinary skill in the art from understanding the scope of the claimed invention with "reasonable certainty." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 910 (2014). Contradictory limitations within a single claim or between different claims can render a claim indefinite. *Trs. of Columbia Univ. v. Symantec Corp.*, 811 F.3d 1359, 1366–67 (Fed. Cir. 2016) (holding that claims that were internally contradictory were invalid as indefinite); *Multilayer Stretch Cling Film Holdings, Inc. v. Berry Plastics Corp.*, 831 F.3d 1350, 1362 (Fed. Cir. 2016) ("A dependent claim that contradicts, rather than narrows, the claim from which it depends is invalid.").

We agree that the claims here are contradictory because they simultaneously require a (1) "one piece planar mirror surface" that further includes (2) "a bent tab incorporated within the . . . planar mirror surface." '604 application ¶ 76. These two limitations are contradictory. A bent tab inherently cannot be incorporated within the planar mirror because the nature of the tab being bent means it is not within one plane, and therefore cannot be "within" the planar mirror surface as the claims require.

Mr. Shafovaloff argues the specification clarifies that the tab is "bendable so it can be bent and not fracture." Appellant's Br. 19. While Mr. Shafovaloff is correct the specification describes allowing "bending a tab into a retained

position from the planar plastic piece folded . . . without fracturing the material," this is not what the claim language requires. '604 application ¶ 47. "It is not our function to rewrite claims to preserve their validity" and construing "bent" as "bendable" would rewrite the claim language to include what is foreclosed by the plain meaning. *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002); *IQRIS Techs. LLC v. Point Blank Enters., Inc.*, 130 F.4th 998, 1003–04 (Fed. Cir. 2025) ("There is a fine line between reading the claims in light of the specification and importing limitations from the specification into the claims, and here, where there is no evidence suggesting that the ordinary meaning . . . is [so] limited . . . we are not inclined to import limitations from the preferred embodiments into the claimed invention."). As drafted, the claims of the '604 application "fail to meet the [requirement of] 'particularly pointing out and distinctly claiming'" "the subject matter which the applicant regards as his invention" because the contradictory requirements deprive the public of notice of the scope of the invention and the claims are, therefore, invalid as indefinite. *Maxell, Ltd. v. Amperex Tech. Ltd.*, 94 F.4th 1369, 1372 (Fed. Cir. 2024) (citations omitted).

We now turn to anticipation. A claim is anticipated only if "each and every element" as set forth in the claim is found, either "explicitly or inherently" in a single prior art reference. *In re Gleave*, 560 F.3d 1331, 1334 (Fed. Cir. 2009). Anticipation is a question of fact and on appeal we ask whether substantial evidence supports the Board's findings that the prior art teaches every element of the claims. *Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d 1331, 1341 (Fed. Cir. 2016).

Mr. Shafovaloff contends Anderson does not anticipate claims 1–4 because (1) Anderson is not enabled[2] and (2) Anderson does not disclose a one piece planar mirror surface positioned at eye level as required by claims 1–4.[3]

While it is true that "a prior art reference cannot anticipate a claimed invention if the allegedly anticipatory disclosures cited as prior art are not enabled," "claimed and unclaimed materials disclosed in a patent" and "prior art publications" "are presumptively enabling." *In re Antor Media Corp.*, 689 F.3d 1282, 1287 (Fed. Cir. 2012) (internal quotation marks omitted) (citation omitted). "As long as an examiner makes a proper prima facie case of anticipation by giving adequate notice under [35 U.S.C.] § 132, the burden shifts to the applicant to submit rebuttal evidence of nonenablement." *Id.* at 1289 (explaining that an examiner meets the initial burden by "discussing the theory of the rejection, the prior art basis for the rejection, and where each limitation of the rejected claims is shown in the prior art reference"). Therefore, the burden was on Mr. Shafovaloff to show that the disclosures in the prior art are not enabling. *See, e.g.*, *In re Sasse*, 629 F.2d 675, 681 (CCPA 1980). Although he generally contests whether Anderson is enabled, Mr. Shafovaloff does not raise particular arguments explaining why the disclosures in Anderson are

---

[2]    Mr. Shafovaloff contests the "functionality or operability" of Anderson, which the Board took to be an argument that Anderson is not enabled. Appellant's Br. 21. We do the same.

[3]    Although Mr. Shafovaloff did not raise this argument to the Board, we exercise our discretion to consider it. *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases.").

insufficient. "An examiner . . . is not required to anticipate every possible response to a rejection, including showing that a cited reference is enabling," and a bare assertion of nonenablement is insufficient to overcome the presumption of enablement. *Antor*, 689 F.3d at 1289. In the absence of evidence to the contrary, the Board did not err in finding Anderson enabled.

We now turn to Mr. Shafovaloff's second argument—that Anderson does not disclose a one piece planar mirror surface positioned at eye level as required by claims 1–4. According to Mr. Shafovaloff, mounting the mirror "in front of one eye . . . at eye level," Appellant's Br. 18, is an improvement over the prior art because the left eye is dedicated to rearward viewing and the "right eye fills in the forward left environment." Appellant's Br. 16. He contrasts this with Anderson, where a user looks "to the side and up to see a portion of a mirror, which would divert both eyes away from frontal viewing." *Id.* (emphasis omitted). Addressing this same argument, the examiner explained that Anderson teaches a mirror "positionable for use in front of one eye," because that position of the mirror in Anderson means it inherently "is viewable by the user." J.A. 404. Substantial evidence supports this finding. The claim language of the '604 application requires only that the mirror is "positionable for use in front of one eye," '604 application ¶ 76, and Anderson describes "[a] rearview mirror component . . . positioned on the halo band and adjustably oriented to provide a rearward view to the wearer." Anderson ¶ 13. Because the claims of the '604 application do not require the particular mirror positioning on which Mr. Shafovaloff's argument is premised, and Anderson discloses what is claimed in the '604 application, we affirm the Board's decision on anticipation.

We have considered Mr. Shafovaloff's remaining arguments and do not find them persuasive.

**AFFIRMED**

IN RE: SHAFOVALOFF 7

COSTS

No costs.